UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SATELLITE INDUSTRIES, INC., ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> JAG MOBILE SOLUTIONS, INC., ) <br> ) <br> *Defendant.* ) <br> ) | Civil Action No. 25-cv-4093 <br> JURY DEMAND |

# COMPLAINT

Plaintiff Satellite Industries, Inc. ("Satellite" or "Plaintiff"), by and through its attorneys, hereby pleads the following claims for a declaratory judgment against Defendant JAG Mobile Solutions, Inc. ("JAG" or "Defendant") and alleges as follows:

## NATURE OF ACTION

1. Satellite brings this action against Defendant seeking a declaratory judgment of non-infringement concerning U.S. Patent Nos. 10,850,669 ("'669 Patent"), 10,647,261 ("'261 Patent"), 10,518,708 ("'708 Patent"), 10,525,891 ("'891 Patent"), and 11,731,562 ('562 Patent") (collectively, "the Patents-in-Suit"), true and correct copies of which are attached as Exhibits A-E. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

2. Satellite requests this relief because Defendant has alleged and has continued to allege that Satellite infringes the Patents-in-Suit.

3. Specifically, on June 23, 2025, counsel for Defendant sent a letter to Satellite at its Minnesota headquarters alleging infringement of the Patents-in-Suit by Satellite's trailer step assembly, a true and correct copy of which is attached as Exhibit F.

4. Defendant, by and through its President, has also made repeated statements to Satellite's customers, affiliates, and others in the industry accusing Satellite of patent infringement and stating an intent to bring a patent infringement lawsuit against Satellite.

5. A justiciable controversy therefore exists between the parties sufficient to support the relief sought by Satellite pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

## PARTIES

6. Plaintiff Satellite is a Minnesota corporation with its principal place of business located at 2530 Xenium Lane North, Minneapolis, MN 55441. Satellite is the largest manufacturer of portable restrooms, restroom trailers, restroom trucks, and septic trucks in the country.

7. Upon information and belief, Defendant JAG is an Indiana corporation with its principal place of business located at 770 E State Road 120, Howe, IN 46746.

8. Upon information and belief, Defendant JAG is the owner of and/or holder of all substantial rights in the Patents-in-Suit.

9. Defendant JAG's June 23, 2025 letter purports to allege infringement of the five Patents-in-Suit on behalf of "JAG Mobile." Exhibit F.

10. JAG's marketing materials also describe its own trailer step assembly as "JAG patented." *See* https://youtu.be/-VTIUsWcFF8 (accessed October 22, 2025).

## JURISDICTION AND VENUE

11. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against Defendant for a declaration that, pursuant to the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, the claims of the Patents-in-Suit are not infringed by Satellite or its products, as fully described herein.

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant sent a letter to Satellite's Minnesota headquarters accusing Satellite of patent infringement and has also engaged in repeated extrajudicial enforcement of its patents targeting Satellite's business activities in this jurisdiction.

14. Defendant's extrajudicial enforcement targeting Satellite's business activities in this jurisdiction has included making statements to Satellite's customers and affiliates about Satellite's allegedly infringing products, Defendant's intent to file a lawsuit against Satellite, and the effects said lawsuit would have on purchasers of Satellite's allegedly infringing products. Defendant's attempts at extrajudicial enforcement are described more fully below, including at Paragraphs 27-41, which are incorporated by reference as if fully set forth herein.

15. For example, as further described below, Defendant, through its President, also disparaged Satellite's business practices, accused Satellite of copying Defendant's stairs design, and publicized its intent to sue Satellite for patent infringement related to the stairs assembly in an August 22, 2025 communication to a Minnesota-located

member of Portable Sanitation Association International ("PSAI"), who was running for a spot on the PSAI board.

16. PSAI is a Minnesota-based professional industry association.

17. Defendant has taken these purposeful actions with the intent that Satellite's customers, affiliates, and others in the industry act directly against Satellite's business interests. As a direct result of Defendant's statements, Satellite's reputation in the industry has been negatively impacted, including in Satellite's home state of Minnesota where it conducts significant business.

18. In addition to the above, Defendant itself does business in Minnesota. For example, Executive Sanitation Inc., based in Kensington, Minnesota, advertises Defendant's "Porta Lisa" product as available for rent. *See* https://executivesanitation.com/luxury-restroom-trailer (accessed October 22, 2025). On information and belief, others also own and/or operate Defendant's products in this jurisdiction.

19. Accordingly, this Court has personal jurisdiction over Defendant because the causes of action alleged herein arise from Defendant's actions directed to this District.

20. Venue is proper in this district under the provisions of 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this district, and because a substantial part of the events giving rise to Satellite's claims occurred in this district.

21. An actual controversy exists between the parties as to whether Satellite infringes the Patents-in-Suit. In its June 23, 2025 letter to Satellite, Defendant made an explicit allegation of infringement, identified specific patent numbers, included an image

4

of Satellite's accused product, and stated an intent to consider legal remedies. Since then, Defendant has made statements to third parties accusing Satellite of infringement and stating its intent to file suit against Satellite for patent infringement. Satellite denies that any of its products or activities infringe any of the Patents-in-Suit.

22.	As a result of Defendant's statements and actions, Satellite has a reasonable apprehension that Defendant will soon commence infringement litigation against it concerning the Patents-in-Suit. Thus, there is an immediate, real, and substantial justiciable controversy between Satellite and Defendant as to whether the trailer step assembly Defendant has accused infringes any claim of the Patents-in-Suit. This controversy is of such immediacy and reality as to warrant declaratory relief so that the parties may ascertain their rights and duties with respect to the Patents-in-Suit. Since Satellite has sold and/or offered for sale its trailer step assembly in the United States and Defendant has articulated an intent to initiate litigation against Satellite now or sometime in the future, Satellite is experiencing an ongoing threat of potential injunctive relief and/or damages. Satellite seeks this declaratory judgment so that it may proceed with its business unencumbered by the cloud caused by Defendant's baseless accusations and attempts at extrajudicial patent enforcement.

## PLAINTIFF AND ITS PRODUCTS

23. Satellite is the world's largest supplier of products to the portable sanitation industry, which includes portable restrooms, handwash units, consumables, deodorizers, vacuum trucks, vacuum technology, unit haulers, restroom, shower, and specialty trailers.

24. To facilitate consumers entering and exiting certain trailer products, certain Satellite products use steps to access the trailer.

25. Defendant has accused the stair assembly of the Satellite portable restroom trailer shown in the photo below ("Accused Step Assembly") of infringing the five Patents-in-Suit:



Exhibit F at 1.

26. Satellite has sold and/or offered for sale in the United States certain portable restroom trailers having the Accused Step Assembly.

6

## INTERACTIONS BETWEEN THE PARTIES

27. On June 23, 2025, Defendant sent a letter to Satellite's CEO, Mr. John Babcock, at Satellite's headquarters in Minneapolis, accusing Satellite of infringing the five Patents-in-Suit. *See* Exhibit F.

28. Defendant's letter contained the heading "Patent Infringement Notice, Immediate Attention Required" and bore the subject line "Patent Infringement." *Id.*

29. In the letter, Defendant identified the five Patents-in-Suit, which it described as "directed to a Trailer Step Assembly." *Id.*

30. The letter went on to say that Defendant had "recently learned that Satellite Industries is offering trailers with a step assembly (shown below) which appears to infringe one or more of these patents." *Id.* The letter incorporated the image of a Satellite trailer featuring the Accused Step Assembly shown in Paragraph 25, above.

31. Although no further details regarding this alleged infringement were provided, the letter asserted that Satellite's "continued marketing, sale, or distribution of this step assembly exposes Satellite Industries to significant legal and financial liability," alleging "willful infringement." *Id.* The letter contained a list of demands, and the assertion that "[f]ailure to respond by July 2, 2025 will result in [Defendant] considering all available legal remedies" against Satellite. *Id.* This letter was signed by an individual identified as representing Defendant in "intellectual property matters." *Id.*

32. The Satellite products identified in Defendant's June 23, 2025 letter do not infringe any valid claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

33. Satellite, by and through its attorneys, responded on June 23, 2025 indicating that it did not infringe and noting that "[s]imply having retractable steps extending from the side of a trailer is obviously not infringing." Exhibit G.

34. Nevertheless, Defendant (by and through its President, Mr. William Gibson) continues to allege that the Accused Step Assembly infringes Defendant's patents and that Defendant is in the process of commencing a lawsuit against Satellite. These statements, made to Satellite's customers and other members of the industry, have and continue to damage Satellite's reputation and business prospects.

35. For example, on August 22, 2025, Mr. Gibson directly communicated these accusations of patent infringement to a member of the PSAI trade group who is located in Minnesota and is a Minnesota resident (and Satellite employee) in connection with an upcoming election of board members for the PSAI trade group.

36. The PSAI trade group is based in St. Louis Park, Minnesota. Members of PSAI include suppliers and operators of portable sanitation equipment, and thus, companies like Satellite and Defendant as well as their customers.

37. In response to the Minnesota-located PSAI member indicating she was seeking to be elected to the vacant board member position, Mr. Gibson stated that he would be unable to vote for her because of "[Satellite]'s business practices" and "tactics," which included "cop[ying] our patented stairs." Mr. Gibson reiterated that "[t]he stair issue will end up in a law suit."

38. Defendant's infringement allegations to those in the industry, including Satellite customers and potential customers, continued.

39. On September 14, 2025, Satellite's CEO, Mr. Babcock, had a conversation with a representative from Rentals to Go, one of Satellite's large customers. This representative, Mr. Carter Brightman, informed Satellite that Mr. Gibson had indicated that there was a large lawsuit impending against Satellite based on its infringement of Defendant's patents, and that Rentals to Go should not purchase any trailers featuring the Accused Step Assembly because they would be confiscated as a result of that lawsuit.

40. On September 17, 2025, Satellite's President, Mr. Charlie Senecal, participated in a call with a representative from United Rentals, a national operator of sanitation equipment and one of Satellite's biggest customers. United Rentals maintains at least 18 rental locations in this District. United Rentals' representative, Mr. Ryan Anthony, informed Satellite that Defendant also made statements concerning Satellite's alleged patent infringement to United Rentals. Specifically, Mr. Gibson indicated that Satellite's Accused Step Assembly was willfully infringing, that a lawsuit was forthcoming, and that said lawsuit would result in an injunction, such that any trailers featuring the Accused Step Assemblies that United Rentals had purchased would be confiscated.

41. On information in belief, Defendant has made similar allegations to other customers and/or affiliates, and is likely to continue to do so in an attempt to prevent Satellite's sales and damage its customer relationships.

## THE PATENTS-IN-SUIT

42. Each of the five Patents-in-Suit is titled "Trailer Step Assembly." These patents claim and disclose retractable stair assemblies and methods related to the same. Claim 1 of the '891 Patent is exemplary:

> A trailer with a retractable stair assembly, the trailer comprising:
> a trailer frame including a frame platform with an interior top side not exposed to weather elements and an opposing exterior bottom side exposed to weather elements and at least one structural beam coupled with the frame platform, wherein the at least one structural beam extends upwardly from the interior top side of the frame platform and longitudinally along at least one side of the frame platform between a front and a rear of the frame platform;
> a subfloor spaced apart from the interior top side of the frame platform, wherein an interior cavity is defined between the subfloor, the frame platform, and the at least one structural beam; and
> a retractable stair assembly movable between a stowed position in which the retractable stair assembly is positioned within the interior cavity of the trailer frame between the subfloor and the interior top side of the frame platform not exposed to weather elements and a deployed position in which the retractable stair assembly extends laterally out of a side of the trailer frame through a gap in the at least one structural beam to establish a plurality of steps out of the trailer to an egress surface.

Exhibit D, claim 1 (emphasis added).

43. Figure 6 of the specification of the Patents-in-Suit is representative, and depicts the claimed stair assembly extending through a gap in structural beam (130):



FIG. 6

44.     Satellite's Accused Trailer Step Assembly does not infringe, literally or under the doctrine of equivalents, any claim of the Patents-in-Suit, as alleged further below.

45.     Nevertheless, Defendant continues to damage Satellite's business and reputation with its baseless allegations of patent infringement. Satellite was forced to file this lawsuit to resolve the immediate, real, and substantial justiciable controversy between the parties.

## FIRST CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '669 Patent)

46. Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

47. On information and belief, JAG owns all substantial rights in the '669 Patent. A true and correct copy of the '669 patent is attached as Exhibit A.

48. Defendant has alleged and continues to allege that Satellite's Accused Trailer Step Assembly infringes the '669 Patent.

49. Satellite does not infringe any claims of the '669 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] out of the trailer frame" as recited in independent claim 1 of the '669 Patent.

50. Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '669 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '669 Patent.

51. A justiciable controversy therefore exists between Satellite and Defendant regarding whether the Accused Trailer Step Assembly infringes any claim of the '669 patent.

52. Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or

indirectly, any claims of the '669 patent and granting Satellite all other declaratory relief to which it may be entitled.

## SECOND CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '261 Patent)

53. Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

54. On information and belief, JAG owns all substantial rights in the '261 Patent. A true and correct copy of the '261 patent is attached as Exhibit B.

55. Defendant has alleged and continues to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '261 Patent.

56. Satellite does not infringe any claims of the '261 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] laterally out of a side of the trailer frame through an opening in the at least one structural beam" as recited in independent claim 1 of the '261 Patent.

57. Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '261 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '261 Patent.

58. A justiciable controversy therefore exists between Satellite and Defendant regarding whether the Accused Trailer Step Assembly infringes any claim of the '261 patent.

59. Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '261 patent and granting Satellite all other declaratory relief to which it may be entitled.

## THIRD CLAIM FOR RELIEF

**(Declaration of Non-Infringement of the '708 Patent)**

60. Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

61. On information and belief, JAG owns all substantial rights in the '708 Patent. A true and correct copy of the '708 patent is attached as Exhibit C.

62. Defendant has alleged and continues to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '708 Patent.

63. Satellite does not infringe any claims of the '708 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does "extend[] out of the trailer frame" as recited in independent claim 1 of the '708 Patent.

64. Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '708 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '708 Patent.

65. A justiciable controversy therefore exists between Satellite and Defendant regarding whether the Accused Trailer Step Assembly infringes any claim of the '708 patent.

66. Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '708 patent and granting Satellite all other declaratory relief to which it may be entitled.

## FOURTH CLAIM FOR RELIEF

**(Declaration of Non-Infringement of the '891 Patent)**

67. Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

68. On information and belief, JAG owns all substantial rights in the '891 Patent. A true and correct copy of the '891 patent is attached as Exhibit D.

69. Defendant has alleged and continues to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '891 Patent.

70. Satellite does not infringe any claims of the '891 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] laterally out of a side of the trailer frame through a gap in the at least one structural beam" as recited in independent claim 1 of the '891 Patent.

71. Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe

any enforceable claim of the '891 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '891 Patent.

72. A justiciable controversy therefore exists between Satellite and Defendant regarding whether the Accused Trailer Step Assembly infringes any claim of the '891 patent.

73. Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '891 patent and granting Satellite all other declaratory relief to which it may be entitled.

## FIFTH CLAIM FOR RELIEF

**(Declaration of Non-Infringement of the '562 Patent)**

74. Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

75. On information and belief, JAG owns all substantial rights in the '562 Patent. A true and correct copy of the '562 patent is attached as Exhibit E.

76. Defendant has alleged and continues to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '562 Patent.

77. Satellite does not infringe any claims of the '562 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] out of the trailer frame" as recited in independent claim 1 of the '562 Patent.

78. Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '562 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '562 Patent.

79. A justiciable controversy therefore exists between Satellite and Defendant regarding whether the Accused Trailer Step Assembly infringes any claim of the '562 patent.

80. Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '562 patent and granting Satellite all other declaratory relief to which it may be entitled.

## JURY DEMAND

81. A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Satellite respectfully requests relief against Defendant JAG as follows:

    a. The Court declare and enter judgment that:

        I. Satellite has not and does not infringe, directly or indirectly, willfully or otherwise, any enforceable claim of the Patents-in-Suit; and

    II.    Defendant, and those acting in concert with it or acting with knowledge of the judgment herein, are without right or authority to threaten or maintain suit against Satellite, or customers or users of Satellite's products or services, for alleged infringement of any enforceable claim of the Patents-in-Suit.

    b.    The Court enter an injunction enjoining Defendant, its officers, agents, servants, employees, and all persons acting in concert or participation with Defendant from initiating infringement litigation against, and from threatening, Satellite or purchasers or customers or distributors or users of Satellite's products with infringement litigation or charging any of them verbally or in writing with infringement of any enforceable claim of the Patents-in-Suit, or representing to any of them that infringement has occurred, because of any activities of Satellite.

    c.    An award of Satellite's costs and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

    d.    Such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: <u>October 23, 2025</u> | Respectfully submitted,<br><br>*/s/ Hannah Mosby O'Brien*<br>Philip P. Caspers (#0192569)<br>Peter M. Kohlhepp (#0390454)<br>Hannah Mosby O'Brien (#0400923)<br>CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.<br>225 South Sixth Street, Suite 4200<br>Minneapolis, MN 55402<br>Phone: (612) 436-9600<br>Facsimile: (612) 436-9605<br>pcaspers@carlsoncaspers.com<br>pkohlhepp@carlsoncaspers.com<br>hobrien@carlsoncaspers.com<br><br>*Counsel for Plaintiff Satellite Industries, Inc.* |